MEREDITH FUCHS (D.C. Bar No. 450325)
THE NATIONAL SECURITY ARCHIVE
The Gelman Library
2130 H Street, N.W., Suite 701
Washington, D.C., 20037
202.994.7059

JOHN B. WILLIAMS (D.C. Bar No. 257667)
SHEILA L. SHADMAND (D.C. Bar No. 465842)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
202.879.3939

*Attorneys for Plaintiff*
*The National Security Archive*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SECURITY ARCHIVE<br>The Gelman Library<br>2130 H Street, N.W., Suite 701<br>Washington, D.C., 20037<br><br>Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT<br>Eisenhower Executive Office Building<br>725 17th Street, N.W.<br>Washington, D.C. 20503<br><br>EXECUTIVE OFFICE OF THE PRESIDENT,<br>OFFICE OF ADMINISTRATION<br>Eisenhower Executive Office Building<br>725 17th Street, N.W.<br>Washington, D.C. 20503<br><br>ALAN R. SENDIMAN, HEAD OF THE OFFICE<br>OF ADMINISTRATION (in his official capacity)<br>Eisenhower Executive Office Building<br>725 17th Street, N.W.<br>Washington, D.C. 20503 | CIVIL ACTION No. _____(    ) |

THE NATIONAL ARCHIVES AND RECORDS    :
    ADMINISTRATION (NARA)    :
8601 Adelphi Road    :
College Park, MD 20740    :
                               :

DR. ALLEN WEINSTEIN, ARCHIVIST OF THE    :
    UNITED STATES (in his official capacity)    :
8601 Adelphi Road    :
College Park, MD 20740    :
                               :
                               :

                    Defendants.    :
_____    :

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

1.     This is a lawsuit brought under the Federal Records Act and the Administrative Procedure Act seeking an order requiring the defendants to recover and restore certain electronic communications created and/or received within the White House.  The e-mails at issue were improperly deleted from servers maintained by the Executive Office of the President and currently exist only on back-up tapes.  Unless relief is granted and the e-mails expeditiously restored from the back-up tapes, these federal and presidential records may be lost forever.

2.     This lawsuit also seeks an order requiring the defendants to implement an adequate archival management system in compliance with federal statute.  The current administration abandoned the previous archival management system in 2002 and has failed to implement another system—causing the deletions discussed in the preceding paragraph.  Moreover, in the absence of an adequate archival system, e-mails continue to be deleted improperly from the servers.  Despite the fact that the Office of Administration has proposed a plan to restore the deleted e-mails and to implement an appropriate archival management system, no such plan has been implemented by the White House, again in violation of federal law.

## JURISDICTION AND VENUE

3.     This Court has personal and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1361 and 5 U.S.C. §§ 701, 702, and 706.  The Administrative Procedure Act (APA) gives private citizens the right to seek injunctive relief when adversely affected or aggrieved by agency action or inaction under a relevant statute.  5 U.S.C. § 702.  Furthermore, the APA empowers courts with the ability to compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706.

4.      Venue in this district is proper pursuant to 28 U.S.C. §1391(e).

## PARTIES

5.      Plaintiff THE NATIONAL SECURITY ARCHIVE (the Archive) is a non-profit, 501(c)(3) public interest research institute and library based at George Washington University. The Archive collects, catalogues, indexes, and publishes declassified and unclassified government documentation on national security and foreign affairs policy, practices and activities, and makes such records available to historians, researchers, and individuals throughout the country.  Through its research and publication activities, the Archive intends to use, and make available to historians, journalists, and researchers, records on White House policies, management and administration created by the Office of Administration and other federal agencies and offices.  The Archive has a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

6.      The Archive is a non-partisan organization dedicated to ensuring that records of all government offices and agencies — regardless of party affiliation — are preserved in accordance with law.  Since its inception, the Archive has been successful in requiring the Executive Office of the President and the Office of Administration to comply with the Presidential Records Act and the Federal Records Act.  In previous lawsuits brought by the Archive, this Court has ordered the preservation of White House electronic communications created during the presidential administrations of Ronald Reagan, George H. W. Bush, and William Clinton.  In the case brought during the Clinton administration, for example, this Court ordered the preservation of over 30 million electronic communications.

7.    Defendant EXECUTIVE OFFICE OF THE PRESIDENT (EOP) includes the agency known as the EOP, as well as its individual agency components that are subject to the Federal Records Act. *See, Public Citizen v. Carlin*, 2 F. Supp. 2d 1 (D. D.C. 1997), *rev'd on other grounds*, 184 F.3d 900 (D.C. Cir. 1999); Official website of The Executive Office of the President, http://www.whitehouse.gov/government/eop.html and http://www.whitehouse.gov/government/eop-foia.html (last visited Aug. 31, 2007). The agency components of Defendant EOP include, but are not limited to: The Office of Administration, The Council on Environmental Quality, The Office of Management and Budget, The Office of National Drug Control Policy, The Office of Science and Technology Policy, and The Office of the United States Trade Representative. For purposes of this complaint, agency Defendant EOP and its agency components shall be referred to as Defendant EOP.

8.    Defendant OFFICE OF ADMINISTRATION (OA) is a component within the Executive Office of the President (EOP) and is an agency within the meaning of 44 U.S.C. §§ 2101, 2901(14) and 5 U.S.C. § 701(b)(1). The OA is required under the Federal Records Act to maintain and preserve its records and to take action to recover records that have been lost or destroyed. The OA is also required under the Presidential Records Act to segregate and preserve presidential records. The OA has possession and control of back-up tapes containing many of the deleted records at issue in this case.

9.    Defendant ALAN R. SENDIMAN, is the head of the Office of Administration and is responsible for directing and overseeing the activities and business of the OA. For purposes of this Complaint, Defendant OFFICE OF ADMINISTRATION (OA) and Defendant ALAN R. SENDIMAN shall jointly be referred to as Defendant OA.

10.     Defendant NATIONAL ARCHIVES AND RECORDS ADMINISTRATION (NARA) is the primary agency responsible for assisting federal agencies in maintaining adequate and proper documentation of policies and transactions of the Federal Government.  NARA is tasked with appraising records, regulating and approving the disposition of federal records, operating Federal Records Centers, and preserving permanent records.

11.     Defendant ARCHIVIST OF THE UNITED STATES (Archivist) supervises and directs NARA.  44 U.S.C. § 2102.  The Archivist is responsible for the preservation of both federal records and presidential records.  Under the Federal Records Act, federal records may be disposed of only with authorization from the Archivist.  If the Archivist discovers any actual or impending destruction of federal records, the Archivist is under a statutory obligation to initiate action through the Attorney General to restore the records.  Under the Presidential Records Act, the President may dispose of presidential records only after: (1) a determination that the records no longer have administrative, historical, informational or evidentiary value; (2) obtaining in writing the views of the Archivist of the United States; and (3) notifying Congress 60 days before the proposed disposal date of his intention to dispose of the records.  Once a sitting President leaves office, the Archivist is solely responsible for those presidential records.  For purposes of this Complaint, Defendant NATIONAL ARCHIVES AND RECORDS ADMINISTRATION (NARA) and Defendant ARCHIVIST OF THE UNITED STATES (Archivist) shall jointly be referred to as Defendant Archivist.

## STATUTORY FRAMEWORK

*FEDERAL RECORDS AND THE FEDERAL RECORDS ACT*

12.    The Federal Records Act (FRA) is a collection of statutes that govern the creation, management, and disposal of federal or "agency" records.  44 U.S.C. §§ 2101-18, 2901-09, 3101-07 and 3301-24.  The FRA requires that federal agencies establish:  (1) a program to make and preserve agency records; (2) effective controls over the creation, maintenance, and use of records; and (3) safeguards against the removal or loss of records.  44 U.S.C. §§ 3101, 3102 and 3105.

13.    Specifically, the FRA mandates that:  "[t]he head of each Federal agency *shall make and preserve* records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency . . ."  44 U.S.C. § 3101 (emphasis added).  The FRA defines federal agencies as "any executive agency or establishment in the legislative or judicial branch of the Government . . ."   44 U.S.C. § 2901(14).

14.    Federal or "agency" records are defined as "all books, papers . . . or other documentary materials, regardless of physical form or characteristics . . . made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . . as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the Government or because of the informational value of data in them."  44 U.S.C. § 3301.

15.    The disposal of any federal record is governed by specific provisions of the Federal Records Act.  44 U.S.C. §§ 3301 *et seq* (Ch. 33. Disposal of Records).  These provisions provide the exclusive procedure by which all federal records may be disposed or destroyed.  44 U.S.C. §§ 3314.

16.     Under these provisions, federal records may not be disposed or destroyed without the authorization of the Archivist.  Specifically, prior to destroying any federal record, the head of each agency must submit to the Archivist a list of any federal records that do not appear to have sufficient value to warrant their continued preservation.  44 U.S.C. §§ 3303.  After examination of the list by the Archivist, the Archivist may empower the agency head to destroy those federal records listed only after the Archivist has: (1) made a determination that the federal records listed do not have sufficient administrative, legal, research or other value to warrant their continued preservation; and (2) published notice in the Federal Register providing an opportunity for interested persons to submit comment on the proposed destruction of the federal records.  44 U.S.C. §§ 3303a(a).

17.     Furthermore, the Archivist may request advice and counsel from Congress with respect to the disposal of any federal records the Archivist believes may be of special interest to Congress or where the disposal of those particular federal records is in the public interest.  44 U.S.C. §§ 3303a(c).

18.     The Federal Records Act also provides several mechanisms for the restoration of lost or destroyed agency records.  First, the FRA places an independent duty on the Archivist to initiate action to recover agency records.  Namely, if the Archivist becomes aware of any "actual, impending, or threatened unlawful removal, defacing, alteration, or destruction of records in the custody of [an] agency," he must notify the agency head and assist the agency head in initiating action through the Attorney General for the recovery of the wrongfully removed records and for other legal redress.  44 U.S.C. § 2905(a).  If the agency head refuses to pursue legal remedies, the Archivist must request that the Attorney General take action and must inform Congress that he has made this request.  44 U.S.C. § 2905(a).

19.     Second, the FRA places a similar and independent duty on the head of each federal agency to "initiate action through the Attorney General for the recovery of records he knows or has reason to believe have been transferred to his legal custody." 44 U.S.C. § 3106.  If the agency head refuses to pursue legal remedies himself, the Archivist, again, must request that the Attorney General take action and must inform Congress that he has made this request.  44 U.S.C. § 3106.

20.     In addition to determining which records are suitable for disposal, the Archivist also has an affirmative duty to guide and assist federal agencies to ensure the adequate and proper documentation of the policies and transactions of the government agency.  44 U.S.C. § 2904(a).  In furtherance of these duties, the Archivist must promulgate standards and guidelines for federal agency records management and must establish standards for selective retention of records containing value and assist the agencies in applying the standards to records in their custody.  44 U.S.C. §§ 2904(c)(1) and 2905(a).

21.     Congruently, the heads of the federal agencies are under an affirmative duty to implement the standards and guidelines for the retention of federal records.  Specifically, the agency heads must maintain an active records management program that provides for effective controls over the creation and use of federal records, as well as ensuring the application of the Archivists' standards and procedures for the preservation of federal records.  U.S.C. §§ 3102. Furthermore, agency heads are required to establish safeguards against the removal or loss of records determined by the agency to be necessary and required by regulations of the Archivist. U.S.C. §§ 3105.

### PRESIDENTIAL RECORDS AND THE PRESIDENTIAL RECORDS ACT

22.     The Presidential Records Act (PRA) directs the president to "take all such steps as may be necessary to assure that the activities, deliberations, decisions, and policies that reflect

the performance of his constitutional, statutory, or other official or ceremonial duties are adequately documented and that such records are maintained as Presidential records . . ."  44 U.S.C. § 2203.

23.    The PRA defines "Presidential records" as:

> documentary materials . . . created or received by the President, his immediate staff, or a unit or individual in the Executive Office of the President whose function is to advise and assist the President, in the course of conducting activities which relate to or have an effect upon the carrying out of the constitutional, statutory, or other official or ceremonial duties of the President.

44 U.S.C. § 2201(2).

24.    Furthermore, the PRA mandates that records created or received in the White House "the function of which is to advise or assist the President, shall, to the extent practicable, be categorized as Presidential records or personal records upon their creation or receipt and be filed separately."  44 U.S.C. § 2203(b).

25.    Thus, the determination of which White House records are federal records and which are presidential records is a document-specific inquiry that turns on the function of the document.  If the document was created to advise and assist the President in carrying out his constitutional, statutory or other official ceremonial duties, then the document is a presidential record and subject to the preservation and disposal requirements of the PRA.  If the document was not created to advise or assist the President in carrying out his constitutional statutory or other official ceremonial duties, or if the document is otherwise classified as an "agency" or federal record, then the document is a federal record and is subject to the preservation and disposal requirements of the FRA.

26.    The disposal of presidential records is likewise subject to specific statutory requirements.  Under the Presidential Records Act, a sitting president may dispose of Presidential records only when he makes a determination that the presidential records "no longer have administrative, historical, informational, or evidentiary value."  44 U.S.C. § 2203(c).  If a sitting President has made such a determination, he may destroy presidential records only after obtaining the written views of the Archivist and only after the Archivist states in writing that he does not intend to take action.  44 U.S.C. § 2203(c).  Furthermore, after the Archivist has stated in writing that he does not intend to take action with respect to the destruction of the specified presidential records, the President must then notify the appropriate Congressional committees sixty (60) days before the proposed disposal date of the President's intention to dispose of the presidential records.  44 U.S.C. § 2203(d).

27.    Once a President has left office, the Archivist assumes full custody and control over all remaining presidential records (ie, those not determined to lack administrative, historical, informational, or evidentiary value) and has the sole responsibility for preserving these records and preparing them for public access.  44 U.S.C. § 2203(f)(1).  Once in the Archivist's custody, the Archivist has an "affirmative duty to make such records available to the public as rapidly and completely as consistent with the provisions of this Act."  44 U.S.C. § 2203(f)(1).

28.    In previous administrations, and up to and including 2002, the archival management systems that were in place were designed to segregate presidential records in order to comply with federal statute.  Because no archival management system currently exists, presidential records are no longer being properly segregated.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

29.    In 1994, the Executive Office of the President (EOP) implemented the Automated

Records Management System (ARMS) for White House e-mails.  ARMS was an electronic

records management system that automatically captured, preserved and categorized all e-mail

sent through the White House e-mail system.  ARMS was used to archive records that were

subject to the Federal Records Act, as well as records subject to the Presidential Records Act,

and was able to segregate, categorize, and archive each type of record separately.  ARMS also

had certain controls in place to maintain the security of the archival system, which prevented the

accidental or intentional deletion of e-mails.

30.    In 2002, the EOP discontinued use of ARMS' automatic archiving system.  The

EOP did not replace ARMS with any system for automatic preservation of White House e-mails

or any separate categorization of federal or presidential records represented by those e-mails.

Furthermore, because no other system was installed in place of ARMS, there were no longer in

place any controls to ensure the continued preservation of previously archived e-mails — making

it possible for any archived e-mails on the White House servers to be manually deleted.

31.    All components of the White House operate on the same shared environment (and

not on separate servers differentiated by function of the component).  With the abandonment of

ARMS, federal records and presidential records are no longer automatically categorized.  Thus,

since 2002, federal record and presidential record e-mails exist in commingled form on the

servers and back-up tapes.

32.    In October 2005, in response to government subpoenas, the OA discovered that

many electronic communications of the White House had not been properly preserved.  After

discovering the problem, the OA conducted a detailed analysis, and concluded that commencing

in March 2003, there were hundreds of days of missing White House e-mails created or received between March 2003 and October 2005. The OA further estimated that as of that time, approximately five million e-mails had been deleted from the servers — recoverable only from the back-up tapes.

33.    There were at least two potential causes of the deletions: (1) a malfunction in the servers; and (2) the manual deletion of e-mails by users. Both causes could and would have been prevented had there been in place an automatic archival management system similar in function to the disbanded ARMS.

34.    Subsequent to this discovery, the OA developed a plan to recover the missing e-mails from White House back-up tapes, and to implement an appropriate archival management system to prevent the future commingling and deletion of federal and presidential records. This plan, however, was rejected by, among others, the White House Chief Information Officer. At present, the White House has failed to implement any course of action to either recover the deleted e-mails from existing back-up tapes or to implement an appropriate archival system.

35.    The current retention system for White House electronic communications is severely deficient. The only e-mails that are archived are those which are manually extracted and saved in a file on the server. This procedure has no adequate safeguards in place to ensure that saved messages are not later modified or deleted. Nor does such a procedure ensure that federal and presidential records are appropriately categorized and separately preserved. Without an automatic preservation system in place, it is likely that the number of e-mails deleted since October 2005 continues to grow.

36.    Since the abandonment of the ARMS system, the only repository of deleted e-mails are the back-up tapes currently in the possession of the EOP and the OA. These back-up

tapes contain both the presidential and federal records that have been deleted from the White House servers since March 2003 and through the present. Because the records on the back-up tapes are commingled, these records must be restored, segregated, and then preserved in order to comply with federal law.

37. Without authorization of the Archivist, millions of federal and presidential e-mail records have been deleted. Although these federal and presidential records are not currently preserved as mandated by the FRA and the PRA, they are recoverable and capable of being preserved.

38. At least two individuals at NARA, including at least one in NARA's Office of General Counsel, have been made aware of the deleted e-mails. Moreover, the fact of these deleted e-mails have been specifically and publicly disclosed by the White House and widely reported in the press. The White House press office has not, in response to questions from the news media, denied the number of e-mails estimated to be missing. To date, however, neither the Archivist, nor the EOP, nor the heads of its component agencies such as the OA, have taken any action to restore the deleted e-mails or to protect against future deletions.

39. Because the Archivist, the EOP and the heads of its component agencies such as the OA have been aware of the actual deletion of millions of federal and presidential records and have not yet fulfilled their obligation to initiate action to restore those records, this suit seeks an order compelling them to initiate action through the Attorney General to restore those records before they become irrecoverable.

40. Furthermore, because the Archivist, the EOP and the heads of its component agencies such as the OA have been aware that the systems in place to ensure the preservation of federal and presidential records are inadequate, as evidenced by the millions of deleted e-mails

from the servers and the commingling of those e-mails on the back-up tapes, this suit also seeks an order compelling them to fulfill their obligations to implement adequate records management systems.

41.    There is no question that federal law requires the preservation of electronic communications created and received by the White House.  In 1997, the White House Staff manual set forth the following policy regarding the use of the internet and external e-mail networks, which was designed to ensure that all EOP agency and executive office e-mail would be captured, preserved and categorized by the ARMS system in accordance with federal law:

> ***Federal law and EOP policy require the preservation of electronic communications sent or received by EOP staff.  As a result, you must use the Lotus Notes or Oasis All-In-1 e-mail systems for all official communications.***

White House Staff Manual, 1997, p. A-27.

42.    In February 2001, the White House Staff Manual repeated this mandate:  "Federal law and EOP policy require the preservation of electronic communications that relate to official business and that are sent or received by EOP staff.  As a result, you must only use the authorized e-mail system for all official electronic communications."  By requiring the use of the "authorized e-mail system,"  White House policy dictated that all such communications would be properly segregated, classified, and preserved in accordance with federal law.

43.    The refusal of the defendants to take adequate steps to preserve and restore federal records is a marked departure from the policies of the White House, and a clear violation of federal law.

15

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE

**For an Order Compelling Defendant Archivist to
Initiate Action to Restore Deleted Records
Under 44 U.S.C. § 2905.**

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

45.     Under the Federal Records Act, the Archivist is required to notify the head of a federal agency of any actual destruction of records in the custody of the agency that comes to his attention, and assist the head of the agency in initiating action through the Attorney General for the recovery of those records and for other redress provided by law.  44 U.S.C. § 2905.

46.     Furthermore, if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified, the Archivist must request that the Attorney General initiate such action.  44 U.S.C. § 2905.

47.     Despite having notice that over five million e-mail records have been deleted, the Archivist has neither assisted the EOP nor the heads of its component agencies such as the OA in initiating action through the Attorney General to recover the e-mails, nor has the Archivist requested the Attorney General to initiate action after the failure of the EOP and its component agencies to act within a reasonable time.

48.     By failing to restore the deleted e-mails, Defendant Archivist has violated his duty under 44 U.S.C. § 2905 to request that the Attorney General initiate action, or seek other legal redress, to recover the deleted e-mails, thereby harming Plaintiff by denying it future access to these important historical documents.

49.     Plaintiff is therefore entitled to relief in the form of a declaratory order that Defendant Archivist is in violation of his statutory responsibility under 44 U.S.C. § 2905, and an

injunctive order compelling Defendant Archivist pursuant to that statute to request that the Attorney General initiate action, or seek other legal redress, to recover the deleted e-mails.

## CLAIM TWO

### For an Order Compelling Defendants EOP and OA to Initiate Action to Restore Deleted Records Under 44 U.S.C. § 3106.

50.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51.    Under the Federal Records Act, the head of each federal agency must notify the Archivist of any actual destruction of records in the custody of the agency of which he is the head that shall come to his attention, and with the assistance of the Archivist, must initiate action through the Attorney General for the recovery of those records.  44 U.S.C. § 3106.

52.    Furthermore, if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified of the destruction, the Archivist must request that the Attorney General initiate such action.  44 U.S.C. § 3106.

53.    By failing to restore the deleted e-mails, Defendants EOP and OA have violated their duty under 44 U.S.C. § 3106 to request that the Attorney General initiate action, or to seek other legal redress, to recover the deleted e-mails, thereby harming Plaintiff by denying it future access to these important historical documents.

54.    Plaintiff is therefore entitled to relief in the form of a declaratory order that Defendants EOP and OA are in violation of their statutory responsibility under 44 U.S.C. § 3106, and an injunctive order compelling Defendants EOP and OA pursuant to that statute to request that the Attorney General initiate action, or to seek other legal redress, to recover the deleted e-mails.

## CLAIM THREE

**For a Writ of Mandamus Compelling Defendant Archivist to
Restore Deleted Records.**

55.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56.     The Federal Records Act is clear and the duties there under plainly defined:  the Archivist is required to notify the head of a federal agency of any actual destruction of records in the custody of the agency that comes to his attention, and assist the head of the agency in initiating action through the Attorney General for the recovery of those records and for other redress provided by law.  44 U.S.C. § 2905.

57.     In furtherance of these duties, the action required by the Archivist is equally clear and plainly defined:  if the head of the agency does not initiate an action for recovery or other redress within a reasonable period of time after being notified, the Archivist must request that the Attorney General initiate such action.  44 U.S.C. § 2905.

58.     The duties imposed on the Archivist by these statutory provisions are ministerial in nature, with no discretion allowed on the part of the Archivist.

59.     The Plaintiff, a public interest research institute and library that makes available (to historians, journalists, and researchers) records on White House policies, management and administration created by the Executive Office of the President and its various offices and agencies, has a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

60.     By failing to restore the deleted e-mails, Defendant Archivist is violating his clearly mandated ministerial duty under 44 U.S.C. § 2905 to request that the Attorney General

initiate action, or seek other legal redress, to recover the deleted e-mails, thereby harming

Plaintiff by denying it future access to these important historical documents.

61.    Plaintiff is therefore entitled to relief in the form of a writ of mandamus, ordering

the Defendant Archivist to comply with the statutory duty imposed by 44 U.S.C. § 2905 to

request that the Attorney General initiate action, or seek other legal redress, to recover the

deleted e-mails.

## CLAIM FOUR

### For a Writ of Mandamus Compelling Defendants EOP and OA to Restore Deleted Records.

62.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if

fully set forth herein.

63.    The Federal Records Act is clear and the duties there under plainly defined:  the

head of each federal agency is required to notify the Archivist of any actual destruction of

records in the custody of the agency of which he is the head that shall come to his attention, and

with the assistance of the Archivist, must initiate action through the Attorney General for the

recovery of those records.  44 U.S.C. § 3106.

64.    In furtherance of these duties, the action required by the head of the agency is

equally clear and plainly defined:  if the head of the agency does not initiate an action for

recovery or other redress within a reasonable period of time after being notified of the

destruction, the Archivist must request that the Attorney General initiate such action.  44 U.S.C.

§ 3106.

65.    The duties imposed on the EOP and the heads of its component agencies such as

the OA by these statutory provisions are ministerial in nature, with no discretion allowed on the

part of the EOP and the heads of its component agencies.

66.     The Plaintiff, a public interest research institute and library that makes available (to historians, journalists, and researchers) records on White House policies, management and administration created by the Executive Office of the President and its various offices and agencies, has a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

67.     By failing to restore the deleted e-mails, Defendants EOP and OA are violating their clearly mandated ministerial duty under 44 U.S.C. § 3106 to request that the Attorney General initiate action, or seek other legal redress, to recover the deleted e-mails, thereby harming Plaintiff by denying it future access to these important historical documents.

68.     Plaintiff is therefore entitled to relief in the form of a writ of mandamus, ordering the Defendants EOP and OA to comply with the statutory duty imposed by 44 U.S.C. § 3106 to request that the Attorney General initiate action, or seek other legal redress, to recover the deleted e-mails.

## CLAIM FIVE

### For an Order Compelling Defendant Archivist to
### Set Forth Guidelines for an Adequate System to Preserve Federal Records
### Under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314.

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

70.     Under the Federal Records Act, all records made or received by an agency as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the Government or because of the informational value of data in them, are to be preserved as federal records.  44 U.S.C. § 3301.

71.    Furthermore, the Archivist has a statutory responsibility under the Federal Records Act to promulgate standards, procedures and guidelines with respect to management of those federal records (44 U.S.C. § 2904) including promulgating standards for the selective retention of those records (44 U.S.C. § 2905).

72.    In furtherance of the standards for the selective retention of federal records, the Archivist must establish procedures for the compiling and submission to him of lists and schedules of records proposed for disposal.  44 U.S.C. § 3302.  If after examining the disposal lists and schedules the Archivist determines that the records listed do not have sufficient administrative, legal, research or other value to warrant their continued preservation, he may, after publication of notice in the Federal Register, empower the agency head to destroy the listed records.  44 U.S.C. § 3303a.  The Federal Records Act is clear:  records of the United States Government may only be destroyed by this procedure.  44 U.S.C. § 3314.

73.    Despite the clear provisions for the disposition or destruction of government records, millions of e-mail records were deleted without submission to and approval by the Archivist.

74.    Had an adequate system for preserving and archiving these records been in place, such as the ARMS system, such records would not have been deleted and may have followed the procedures mandated by the Federal Records Act for the preservation and disposition of government records.  By failing to install such a system, Defendant Archivist has violated his duty under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314, to establish an adequate system for the preservation of federal and presidential records, thereby harming Plaintiff by denying it future access to these important historical documents.

75.    Plaintiff is therefore entitled to relief in the form of a declaratory order that Defendant Archivist is in violation of his statutory responsibilities under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314, and an injunctive order compelling the Archivist pursuant to those statutes to establish an adequate archival system, similar in function to ARMS, for the archival and preservation of e-mails.

## CLAIM SIX

### For an Order Compelling Defendants EOP and OA to Implement an Adequate System to Preserve Federal Records Under 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303, 3314.

76.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

77.    Under the Federal Records Act, the head of each federal agency must make and preserve all records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency as federal records.  44 U.S.C. § 3101 and 3301.

78.    Furthermore, the head of each federal agency must establish and maintain a records management program that provides for effective controls over these federal records, as well as cooperation with the Archivist in applying standards and procedures for the maintenance and security of the records deemed appropriate for preservation.  44 U.S.C. § 3102.  The head of each federal agency must also establish safeguards against the removal or loss of records he determines to be necessary and required by regulations of the Archivist.  44 U.S.C. § 3105.

79.    In furtherance of the standards and procedures for the maintenance and security of records as well as the safeguards against removal or loss as required by regulations of the Archivist, prior to the destruction of any federal records, the head of each agency must submit to

the Archivist a list of any records in the custody of the agency that do not appear to have sufficient value to warrant their further preservation, and schedules proposing their disposal. 44 U.S.C. § 3303. The Federal Records Act is clear: records of the United States Government may only be destroyed by this procedure. 44 U.S.C. § 3314.

80.    Despite the clear provisions for the disposition or destruction of government records, millions of e-mail records in the possession of the EOP and its various agency components such as the OA were deleted without submission to the Archivist.

81.    Had an adequate system for preserving and archiving these records been in place, such as the ARMS system, such records would not have been deleted and may have followed the procedures mandated by the Federal Records Act for the preservation and disposition of government records. By failing to install such a system, Defendants EOP and OA have violated their duty under 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303, 3314, to establish an adequate system for the preservation of federal and presidential records, thereby harming Plaintiff by denying it future access to these important historical documents.

82.    Plaintiff is therefore entitled to relief in the form of a declaratory order that Defendants EOP and OA are in violation of their statutory responsibilities under 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303, 3314, and an injunctive order compelling Defendants EOP and OA pursuant to those statutes to establish an adequate archival system, similar in function to ARMS, for the archival and preservation of e-mails.

## CLAIM SEVEN

### For a Writ of Mandamus Compelling Defendant Archivist to Set Forth Guidelines for an Adequate System to Preserve Federal Records.

83.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

84.    The Federal Records Act is clear and the duties there under plainly defined:  all records made or received by an agency as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the Government or because of the informational value of data in them, are to be preserved as federal records.  44 U.S.C. § 3301.

85.    Furthermore, the Archivist has a clear and plainly defined statutory responsibility under the Federal Records Act to promulgate standards, procedures and guidelines with respect to management of those federal records (44 U.S.C. § 2904) including promulgating standards for the selective retention of those records (44 U.S.C. § 2905).

86.    In furtherance of the standards for the selective retention of federal records, the Archivist must establish procedures for the compiling and submission to him of lists and schedules of records proposed for disposal.  44 U.S.C. § 3302.  If after examining the disposal lists and schedules the Archivist determines that the records listed do not have sufficient administrative, legal, research or other value to warrant their continued preservation, he may, after publication of notice in the Federal Register, empower the agency head to destroy the listed records.  44 U.S.C. § 3303a.  The Federal Records Act is clear:  records of the United States Government may only be destroyed by this procedure.  44 U.S.C. § 3314.

87.    The duties imposed on the Defendant Archivist by these provisions of the Federal Records Act are ministerial in nature, with no discretion allowed on the part of the Defendant Archivist.

88.    The Plaintiff, a public interest research institute and library that makes available (to historians, journalists, and researchers) records on White House policies, management and administration created by the Executive Office of the President and its various offices and

agencies, has a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

89.     By failing to install such a system, Defendant Archivist has violated his duty under 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314, to establish an adequate system for the preservation of federal and presidential records, thereby harming Plaintiff by denying it future access to these important historical documents.

90.     Plaintiff is therefore entitled to relief in the form of a writ of mandamus, ordering Defendant Archivist to comply with the statutory duties imposed by 44 U.S.C. §§ 2904, 2905, 3301, 3302, 3303a and 3314, and to establish an adequate archival system, similar in function to ARMS, for the archival and preservation of e-mails.

## CLAIM EIGHT

### For a Writ of Mandamus Compelling Defendants EOP and OA to Implement an Adequate System to Preserve Federal Records.

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

92.     The Federal Records Act is clear and the duties there under plainly defined:  the head of each federal agency must make and preserve all records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency as federal records.  44 U.S.C. § 3101 and 3301.

93.     Furthermore, the head of each federal agency has a clear and plainly defined statutory responsibility to establish and maintain a records management program that provides for effective controls over these federal records, as well as cooperation with the Archivist in applying standards and procedures for the maintenance and security of the records deemed appropriate for preservation.  44 U.S.C. § 3102.  The head of each federal agency must also

25

establish safeguards against the removal or loss of records he determines to be necessary and required by regulations of the Archivist. 44 U.S.C. § 3105.

94.    In furtherance of the standards and procedures for the maintenance and security of records as well as the safeguards against removal or loss as required by regulations of the Archivist, prior to the destruction of any federal records, the head of each agency must submit to the Archivist a list of any records in the custody of the agency that do not appear to have sufficient value to warrant their further preservation, and schedules proposing their disposal. 44 U.S.C. § 3303. The Federal Records Act is clear: records of the United States Government may only be destroyed by this procedure. 44 U.S.C. § 3314.

95.    The duties imposed on the Defendants EOP and OA by these provisions of the Federal Records Act are ministerial in nature, with no discretion allowed on the part of the Defendants EOP and OA.

96.    The Plaintiff, a public interest research institute and library that makes available (to historians, journalists, and researchers) records on White House policies, management and administration created by the Executive Office of the President and its various offices and agencies, has a direct interest in ensuring that these records are maintained, preserved, and made accessible to the public in accordance with federal law.

97.    By failing to install such a system, Defendants EOP and OA have violated their duties under 44 U.S.C. §§ 3101, 3102, 3105, 3301, 3303, 3314, to establish an adequate system, similar in function to ARMS, for the preservation of federal and presidential records, thereby harming Plaintiff by denying it future access to these important historical documents.

98.    Plaintiff is therefore entitled to relief in the form of a writ of mandamus, ordering Defendants EOP and OA to comply with the statutory duties imposed by 44 U.S.C. §§ 3101,

3102, 3105, 3301, 3303, 3314, and to establish an adequate archival system, similar in function to ARMS, for the archival and preservation of e-mails.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare the inaction of all Defendants to restore deleted e-mail records a violation of federal law;

(2) Declare the inaction of all Defendants to promulgate an effective records management system that ensures against the loss or destruction of government e-mail records a violation of federal law;

(3) Order, in the form of injunctive and mandamus relief, all Defendants to restore deleted e-mails from the back-up tapes and to maintain and preserve the federal and presidential records comprised therein;

(4) Order, in the form of injunctive and mandamus relief, all Defendants to promulgate and implement an effective records management system that ensures against the loss or destruction of government e-mail records;

(5) Award Plaintiff its costs, expenses and reasonable attorney's fees in this action; and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: _Sept. 5, 2007_

_Menh Fuchs/scs_

MEREDITH FUCHS (D.C. Bar No. 450325)
THE NATIONAL SECURITY ARCHIVE
The Gelman Library
2130 H Street, N.W., Suite 701
Washington, D.C., 20037
202.994.7059

JOHN B. WILLIAMS (D.C. Bar No. 257667)
SHEILA L. SHADMAND (D.C. Bar No. 465842)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
202.879.3939

**_Attorneys for Plaintiff The National Security Archive_**

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE NATIONAL SECURITY ARCHIVE<br>The Gelman Library<br>2130 H Street, N.W., Suite 701<br>Washington, D.C. 20037 | EXECUTIVE OFFICE OF THE PRESIDENT, et al.<br>Eisenhower Executive Office Building<br>725 17th Street, N.W.<br>Washington, D.C. 20503 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Washington, D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**   Washington, D.C.
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John B. Williams            Meredith Fuchs
Sheila L. Shadmand          The National Security Archive
Jones Day                   The Gelman Library
51 Louisiana Avenue, N.W.   2130 H Street, N.W., Suite 701
Washington, D.C. 20001      Washington, D.C. 20037
(202) 879-3939              (202) 994-7059

ATTORNEYS (IF KNOWN)

TBD

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
      Plaintiff

● 2 U.S. Government
      Defendant

○ 3 Federal Question
      (U.S. Government Not a Party)

○ 4 Diversity
      (Indicate Citizenship of
      Parties in Item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
      Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

**● E. General Civil (Other)**   OR   **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
      defendant
☐ 871 IRS-Third Party 26
      USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
      of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
      Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
      Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
      Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
      Exchange
☐ 875 Customer Challenge 12 USC
      3410
☐ 900 Appeal of fee determination
      under equal access to Justice
☐ 950 Constitutionality of State
      Statutes
☒ 890 Other Statutory Actions (if
      not administrative agency
      review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. Section 1331, 1361 and 5 U.S.C. Sections, 701, 702, and 706.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | JURY DEMAND:    YES ☐    NO ☐ | |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  *Sept. 5, 2007*    SIGNATURE OF ATTORNEY OF RECORD    *Harold Krus / SLS*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.