**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

CITIZENS FOR RESPONSIBILITY AND ETHICS :
IN WASHINGTON,                         :
               Plaintiff,                :
                                    :
   v.                       :    CIVIL ACTION NO. 1:07-CV-01707
                                    :    (HHK/JMF)
EXECUTIVE OFFICE OF THE PRESIDENT, et al., :
                                    :
         Defendants.                :

---

THE NATIONAL SECURITY ARCHIVE,         :
                                    :
         Plaintiff,                :
                                    :    CIVIL ACTION NO. 1:07-CV-01577
   v.                       :    (HHK/JMF)
                                    :
EXECUTIVE OFFICE OF THE PRESIDENT, et al., :
                                    :
         Defendants.                :

---

**PLAINTIFF NATIONAL SECURITY ARCHIVE'S REPLY**
**IN SUPPORT OF ITS MOTION FOR LEAVE**
**TO SERVE EXPEDITED DISCOVERY REQUESTS AND TO**
**COMPEL RULE 26(f) CONFERENCE**

Since news broke in April 2007 that the White House had failed to preserve its electronic

records beginning in 2003, the White House has failed to respond to questions about its actions

or to be accountable for the loss of at least 5 million email records.  In the almost three months

since the National Security Archive ("Archive") filed this lawsuit, Defendants have steadfastly

refused to answer the most basic questions about the existence and preservation of those emails,

which are governed by the Federal Records Act.  In response to the government's evasiveness

about a matter of significant public interest and the ensuing motion for a temporary restraining

order, this Court issued an order directing Defendants to preserve all media in their possession, custody or control that were created with the intention of preserving data in the event of its inadvertent destruction.  November 12, 2007 Preservation Order (the "Preservation Order").

Even after the Preservation Order was entered, however, Defendants made clear that not only are they unilaterally limiting the scope of their compliance under the Order, but also that they are taking no other steps to preserve the electronic data that is the very subject of this lawsuit.  Defendants also have refused to answer basic questions regarding the steps they have taken to ensure preservation of the federal record emails while this litigation is pending and have refused to meet with counsel for the Archive to discuss these matters.  Expedited discovery or, at a minimum, compelling a Rule 26(f) conference will assist the litigants in determining what records exist, and where, so that the emails may be preserved while the merits of the case are determined.

Time is of the essence for this discovery — if Defendants are allowed to continue to refuse to take even the most basic preservation steps, and even to take those steps that are mandated by court order, they are virtually ensuring that this case will be lost before it can even be decided.  As each week passes, the nation gets closer to an inevitable presidential transition that, without judicial intervention, likely will render moot this effort to protect the public's interest in federal records of this administration's Executive Office of the President (EOP).  Defendants should not be permitted to defeat the possibility of relief by their strategy of delaying a response to the complaint, delaying discovery, and delaying even any discussion with the Plaintiffs regarding preservation.

I.    **DEFENDANTS' ARGUMENTS THAT DISCOVERY IS PREMATURE ARE BASED ON A FALSE PREMISE**

Defendants base their arguments that expedited discovery is premature at this stage of the litigation on a mischaracterization of the nature of the discovery that is being sought. As such, Defendants' arguments and the case law it cites in support of its arguments are inapposite. As described below and in the Archive's motion, Mem. in Supp. of Exped. Disc. at 8-9, Plaintiff is not seeking discovery regarding the merits of the litigation, but rather is seeking discovery on whether the subject matter of the litigation still exists.

In light of Defendants' many qualifications and contradictions concerning their preservation efforts, which are described below, and the tremendous public interest in responsible preservation of federal records from the offices of the Executive Office of the President, the Archive merely seeks to ensure that Defendants have identified the emails at issue and are taking appropriate steps to protect them. Furthermore, because the expedited discovery Plaintiff seeks is focused on the existence of the subject matter of the suit to ensure its preservation while the litigation is pending, granting expedited discovery at this stage would actually avoid wasting judicial resources and would assist the litigants in focusing on the speedy and just resolution of the merits of the case.

A.    *Plaintiff Seeks Discovery About the Preservation of the Subject Matter of this Lawsuit*

The discovery that the National Security Archive is seeking at this time is information regarding what federal record emails exist, where they exist, and how they may be protected. The Archive is not concerned about the loss of discoverable information, but about the loss of the email records themselves — records which this suit seeks to preserve for eventual restoration and dissemination to the American public pursuant to the Federal Records Act. Plaintiff seeks

this discovery on an expedited basis to ensure that the underlying subject matter of the litigation is being preserved so that when the merits of the case are ultimately addressed, and if the Court orders action to restore the deleted emails, that decision is not mooted by the inexistence of any emails to restore.

Defendants' intention to file a motion to dismiss does not provide a basis for denial of this motion for expedited commencement of discovery. Defendants' response to the Archive's complaint in this action was due on November 5, 2007.[1] Although defendants filed a motion for enlargement of time to file a responsive pleading the day their response was due, no such responsive pleading has yet been filed. Moreover, the requested discovery is not related to the issues that the government suggests will be raised in that motion. So, unlike the cases cited by the Defendants in which the courts looked at whether the discovery was necessary to its consideration of the pending dispositive motion, in this case the expedited discovery sought and the consideration of a still forthcoming dispositive motion are unrelated.

Also inapplicable is Defendants' argument that the Administrative Procedure Act, and the cases cited in support, do not warrant discovery. Even if it is correct that a case involving an administrative decision should be based only upon the administrative record for that decision,

---

[1]  Defendants' responsive pleading to the Archive's complaint was due on November 5, 2007 and their responsive pleading to CREW's complaint is due on November 26, 2007. Defendants filed a motion on November 5, 2007 seeking leave to enlarge the time for that responsive pleading until November 29, 2007, the day they believe their response to CREW's complaint is due. In addition to miscalculating the time for response (Defendants added three days for service by mail when service was actually hand-delivered), Defendants' purported reason for an extension of time was that it wanted to file a consolidated response to both complaints. However, CREW's complaint is virtually identical to the Archive's complaint. It raises no new or additional issues that would necessitate the Defendants needing more time to file a consolidated responsive pleading. As of the date of this filing, Defendants' motion for enlargement of time has not been granted. Yet Defendants want to wait until the issues they intend to raise in that responsive pleading are decided before they engage in any discovery or answer basic questions about preservation. Defendants should not be able to bootstrap a delay of discovery with their own delay in raising threshold issues.

that is not what is at issue here.[2]  What is at issue here is whether the subject of the litigation will

be eliminated before the Court resolves the questions about Defendants' obligations.  This is a

distinctly factual issue that requires some showing of what emails exist, where they exist, and

what may be done to find or protect those emails that no longer appear to exist on live operating

systems.  The merits of the Defendants' legal obligations do not rest on the discovery that is

sought at this time by the Archive, but rather such discovery will cast light on what preservation

efforts should be taken to allow the possibility of a remedy in this lawsuit.

Equally inapplicable is Defendants' intention to raise questions about whether Plaintiffs

have standing to pursue this action.  In all civil litigation, defendants have an opportunity to

challenge whether the plaintiff has stated a claim and to challenge the merits of its claims.  That

process does not permit defendants, however, to avoid protecting the very thing that is at issue in

the suit while the legal issues are decided.  The discovery sought by the Archive at this stage is

focused directly on ensuring such protection.

Moreover, the Archive is a frequent requester from EOP and its components of records

pursuant to the Freedom of Information Act and the mandatory declassification review

procedures of Executive Order 12958, as amended, and has many such requests currently

pending at those agencies.  Further, the Archive was a plaintiff in *Armstrong v. Bush*, 924 F.2d

282 (D.C. Cir. 1991), which also challenged email preservation obligations under the federal

records laws.  The government's suggestion that the Archive's interest in protecting the emails

---

[2]  Notably, the closest example of cases similar to this is the series of cases in which the Archive, among
others, sued successive White House Administrations concerning their electronic recordkeeping.  Those suits,
brought under the APA and Federal Records Act allowed discovery at several stages of the litigation.  *Armstrong v.
Bush*, 139 F.R.D. 547 (D.D.C. 1991) (decision permitting discovery); *Armstrong v. Bush*, 807 F. Supp. 816 (D.D.C.
1992) (granting temporary restraining order to force President Bush to save records stored on NSC computer
systems until the court decides whether the FRA requires these records to be stored permanently for public research).

that are the subject of this litigation should be ignored so that the government has extra time to argue why the Archive should not be permitted to pursue this lawsuit deserves little credence.

Furthermore, Defendants' argument that judicial resources will preserved by postponing discovery is incorrect: *waiting* for this discovery to commence until threshold issues of the case are decided would be a waste of judicial resources. If the expedited discovery requested here reveals that the deleted emails do not exist in any form, on any media or in any recoverable space, then spending the Court's time with threshold jurisdictional issues as a step towards trial on the recovery of those emails would be the ultimate waste of judicial resources.

Finally, this dispute takes place in a larger context. As discussed in greater detail in the Archive's motion, there is significant time pressure on the Plaintiffs. This dispute is unlikely to be resolved in any manner other than through this lawsuit. The closer we get to the next presidential transition, the greater the possibility of destruction of media that could be part of the subject of this suit. Permitting the parties to commence discovery alongside briefing of legal issues will allow protection of the Plaintiffs' interest without enmeshing the Court in repeated disputes.

### B.   Defendants' Representations Make the Need for Expedited Commencement of Discovery Even More Pressing

The need for expedited discovery on the existence and preservation of the emails at issue has been made more necessary given recent correspondence received by Plaintiffs from Defendants' counsel. On November 12, 2007, following a hearing before, and a Report and Recommendation from, Magistrate Judge Facciola on a motion for a temporary restraining order sought by Citizens for Responsibility and Ethics in Washington (CREW), this Court entered the Preservation Order requiring each of the Defendants to "preserve media, no matter how

described, presently in their possess[ion] or under their custody or control, that were created with the intention of preserving data in the event of its inadvertent destruction."

The next day, White House spokesperson Scott Stanzel made statements to the press that indicate the Defendants have a more limited understanding of their obligations under this Court's Order than the clear terms of the Order itself. Specifically, Mr. Stanzel stated: "the Office of Administration has been taking steps to maintain and preserve backup tapes for the official email system . . . We will continue preserving the tapes in compliance with the court's order."[3] Counsel for CREW sent a letter to Defendants' counsel asking for verification that Defendants are in fact preserving all of the media covered by the Order, and not just the limited subset of media described in the statement to the press. Letter from Anne Weismann to Helen Hong, November 13, 2007 ("Weismann Nov. 13 Letter")(attached as Exhibit A).

Defendants counsel's response letter was alarming. In that letter, Defendants stated that the only media they were preserving pursuant to the Order were the backup media from the official, unclassified EOP email system that are in the possession of the Office of Administration (OA). In describing their preservation efforts under the Order, Defendants stated: "As we have previously represented to you, *only the Office of Administration* possesses, or has under its custody or control, any media that were created with the intention of preserving *data from the official, unclassified Executive Office of the President email system* in the event of its inadvertent destruction, and no other EOP component maintains such *backup media for this system.*" Letter from Helen Hong to Anne Weismann, November 14, 2007 (emphasis added) ("Hong Nov. 14 Response")(attached as Exhibit B). Defendants' counsel went further to state that given this

---

[3] Peter Baker, *White House Ordered to Keep E-Mails*, THE WASHINGTON POST, Nov. 13, 2007.

limited subset of media, "as a practical matter, [the Order's] obligation currently imposes

preservation requirements only on the Office of Administration." *Id.*

These statements confirm that Defendants are blatantly ignoring the scope of this Court's

Order in several respects. First, under the Order, Defendants are required to preserve all "media,

no matter how described . . . that were created with the intention of preserving data in the event

of its inadvertent destruction," and not just the disaster recovery backup tapes of the official,

unclassified EOP email system. The terms of the Order do not limit the media mandated to be

saved to those "backup tapes" previously referred to by Defendants. Nonetheless, Defendants

have made it clear that they intend to interpret the Court's Preservation Order through their own

relevancy filter, and limit the type of media preserved as well as the origins of the emails that are

preserved.

Second, Defendants are required to preserve media from all Defendants and Defendants'

individual components, and not just the Office of Administration. Yet Defendants have made

clear that their preservation efforts are focused only on the Office of Administration.[4] This raises

significant concerns that Defendants are not making any efforts to preserve anything beyond the

specified backup tapes and have not even made inquiry to other components of the EOP or other

Defendants beyond the Office of Administration.

Third, and most relevant to this motion for expedited discovery, Defendants' statements

indicate an abandonment of their general preservation obligations pursuant to federal law. In

response to the issues raised by Ms. Hong's recent correspondence, the Archive sought

assurances that Defendants understand their obligations under the Federal Rules of Civil

---

[4]  Notably, the government sought to limit any preservation obligation to the Office of Administration at the
October 17, 2007 hearing before Magistrate Judge Facciola, but that limitation was rejected. See Exhibit 7 to Mem.
in Supp. of Mot. For Exp. Disc. at Page 15 Lines 13-14, Page 16 Line  6, Page 30 Lines 22-25 and Page 31 Lines 1-
5 (statements of Ms. Hong seeking to limit discussion to tapes in possession or control of the Office of
Administration).

Procedure and common law to go beyond the four corners of the Court's Preservation Order. The Archive asked for clarification of the qualifying statements made by Defendants regarding the Preservation Order, as well as questions regarding the steps being taken to locate and preserve all media covered by the Order and not just the media described in Ms. Hong's letter. Specifically, the Archive asked, among other things, whether inquiries had been made to each of the Defendants, whether a litigation hold letter had been circulated to document custodians, and whether steps had been taken to turn off email deletion capabilities. The Archive also again suggested that the parties meet pursuant to Federal Rule of Civil Procedure 26(f) to discuss these matters. Letter from Sheila Shadmand to Helen Hong, November 19, 2007 ("Shadmand Nov. 19 Letter") (attached as Exhibit C).

In its response to the Archive's November 19 letter, the government refused to answer any of the Archive's questions, ignored its repeated request for a Rule 26(f) conference, and instead made a blanket statement regarding compliance. Letter from Helen Hong to Anne Weismann and Sheila Shadmand, November 20, 2007 ("Hong Nov. 20 Response")(attached as Exhibit D). The government's blanket statement, however, does not allow Plaintiffs to ascertain the reliability or integrity of the Defendants' compliance, particularly given Defendants' previous qualifying statements indicating that their compliance is limited to a subset of the Order's full terms. Furthermore, the government has not confirmed that it has affirmatively taken any steps that would ordinarily be expected of a party in a case involving electronically stored data. Therefore, instead of providing reassurance, Defendants' correspondence has raised additional concerns.

## II. EXPEDITED DISCOVERY IS APPROPRIATE UNDER BOTH THE GOOD CAUSE AND THE PRELIMINARY INJUNCTION STANDARDS

It is unquestioned that the power of a court to grant expedited commencement of discovery is derived from its inherent authority, and is subject to its sound discretion. *Pueblo of Laguna v. U.S.*, 60 Fed. Cl. 133, 134 (Fed. Cl. 2004) (ordering government agencies to take steps to preserve various media that potentially relate to plaintiff's claims pursuant to court's "inherent power to regulate its proceedings and maintain the integrity of its functions") *citing Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (inherent powers of the court are governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). In the instant case, the discretion of this Court to grant the commencement of discovery should be exercised because the standard for granting the request is met under both the good cause and the preliminary injunction tests.

Defendants' opposition papers rely heavily on the fact that the preliminary injunction standard, the more stringent standard for granting expedited discovery, has not been met. However, after the Defendant filed its opposition papers, this Court issued the Preservation Order granting Plaintiff CREW's Motion for a Temporary Restraining Order – a motion which the Court treated as a preliminary injunction. October 19, 2007 Report and Recommendation of Magistrate Judge Facciola, at 1, Fn.1 ("Since notice has been given and a hearing has been held, plaintiff's motion [for a temporary restraining order to preserve media] will be deemed one for a preliminary injunction."). Because the expedited discovery Plaintiff seeks here is directly related to the Preservation Order entered by this Court pursuant to that motion, the preliminary injunction standard for this expedited discovery has already been held to have been met.

Notwithstanding this Court's holding, Plaintiffs easily satisfy the preliminary injunction standard. First, this Court has already recognized that destruction of media which may contain

some of the missing emails "is a text book example of irreparable harm," Report and

Recommendation at 3. As explained above, the government's correspondence has taken a

preservation order that might have obviated the need for expedited discovery and instead

heightened the need for it. Discovery is particularly important in an instance such as this where

the government has access to all the information and the plaintiff has access to none. Thus, for

example, Ms. Hong alluded at the October 17, 2007 hearing to "additional back up tapes" aside

from those maintained by the OA, (Exhibit 7 to Mem. in Supp. of Mot. For Exp. Disc., at Page  5

Lines 15-17), but the plaintiff has no way to determine to what she was referring or to take steps

to ensure that those back up tapes are preserved. These sorts of references and the limitations to

the Order articulated in Defendants' correspondence make the risk of irreparable harm palpable.

Second, the Court has recognized that there is little burden on the government in ordering

preservation of its media. Nor is there much burden in commencing discovery on issues relating

to preservation of electronically stored information, particularly when the plaintiff is not seeking

the electronic records themselves. In this case, Plaintiff does not seek at this time any review of

the subject emails, but rather seeks to ensure that they are not destroyed so that the possibility of

relief in this case is not eliminated. Indeed, the Advisory Committee Notes to Rule 26 of the

Federal Rules of Civil Procedure contemplate that parties will address these preservation issues

early in most lawsuits that involve electronic records.

Third, as the Court already has recognized, there is no public interest in destruction of the

emails and "[t]o the contrary, there is a public interest in their preservation . . . since the emails at

issue may have historical and public importance." Report and Recommendation at 3.

Fourth, although the Court recognized that there are substantial legal issues that exist for

judicial resolution, focusing particularly on the issue of whether the OA is an agency subject to

the Federal Records Act, the Court explained that it could not conclude that the Plaintiffs had no likelihood of success on the merits. Report and Recommendation at 4. Moreover, as Ms. Hong admitted during the October 17, 2007 hearing, several parts of the Defendant EOP are "agencies." Exhibit 7 to Mem. in Supp. of Mot. For Exp. Disc. at Page 19 Lines 13-20 and Page 20 Lines 18-22.

Plaintiff also satisfies any additional factors under the reasonableness test for expedited discovery. As the Court noted in its Report and Recommendation, "the threat of such obliteration [of media] is a text book example of irreparable harm. [And] issuing the injunction will not injure the government or burden it in any way." Report and Recommendation at 3. In light of the government's recent correspondence concerning its preservation efforts, the likelihood of irreparable harm to the Archive appears more than speculative while the harm to the government is virtually nil. This is particularly true given that Plaintiffs are in part seeking to enforce an obligation to preserve electronically stored information — an obligation that is required of all parties to any litigation under the Federal Rules.

## III.   DEFENDANTS SHOULD BE COMPELLED TO PARTICIPATE IN A RULE 26(f) CONFERENCE

To date, Defendants have not responded to several requests to meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Rule 26(f) states that "the parties must, as soon as practicable" confer to, among other things, discuss issues relating to "preserving discoverable information" and "disclosure or discovery of electronically stored information . . . ." Fed. R. Civ. P. 26(f). Furthermore, the Advisory Committee Notes to the Rule contemplate that parties will address preservation issues early in most lawsuits that involve electronic records.

On October 18, 2007, the Archive requested a 26(f) conference.  Letter from Sheila Shadmand to Helen Hong, October 18, 2007 ("Shadmand Oct. 18 Letter")(attached as Exhibit E). Although Defendants stated in an e-mail that they would that week consider the Archive's request, (Email from Helen Hong to Meredith Fuchs, October 22, 2007 ("Hong Oct. 22 Email")(attached as Exhibit F)), Defendants never did respond.  The Archive again asked for a 26(f) conference in its November 19 Letter.  That request was likewise ignored in Defendants' November 20 Response.

Moreover, in their opposition to this motion, Defendants have offered no reason why they should not participate in such a conference.  As made clear by the Archive's filings regarding discovery, the issues immediately at hand relate to preservation of the emails that are at the heart of this lawsuit.  Matters such as preservation of electronically stored information are routinely addressed at a Rule 26(f) conference.  There is no reason to delay a 26(f) conference, and Defendants have offered no such reason.  In the absence of any reason not to meet and confer as expected by the Federal Rules, the Court should order such a conference to proceed.

## CONCLUSION

The Archive pursued a decade of litigation against three successive political administrations regarding their email preservation policies that resulted in the installation of an email archiving system called Automated Management Records System ("ARMS") within the Executive Office of the President.  The ARMS system captured and organized all incoming and outgoing EOP emails so that they could be retrieved in response to EOP needs and disclosure requests.  Sometime in 2003, the ARMS system was disbanded for emails sent and received and was not replaced with a comparable email preservation system.  The result, which has been acknowledged by the White House, is that over 5 million emails have been lost.  What, if any, of

these emails are on backups or on desktops, laptops, servers or other storage, is an unknown. Four years already have passed since the emails began to go missing and it is possible that the situation continues with respect to current email messages.  Defendants now seek further delay that will put any remaining copies of these email messages – the very subject of this lawsuit – at risk for destruction.

The Defendants most recent statements regarding the extent of their preservation obligations confirm the need for immediate commencement of discovery to determine whether the subject of this lawsuit still exists.  And a Rule 26(f) conference, at which the parties can discuss preservation issues, will hopefully help frame the preservation issues and avoid continual disputes regarding preservation.  The Court should not risk waiting so long on a matter of such significant public interest.

For the foregoing reasons and those set forth in the Archive's and CREW's memoranda of law in support of their motions for expedited discovery, and CREW's reply in support of its motion, Plaintiffs' requests for expedited discovery and to compel a 26(f) conference should be granted.

<div style="margin-left:40%">By,</div>

DATED: November 21, 2007          /s/ Sheila L. Shadmand
                                  JOHN B. WILLIAMS (D.C. Bar No. 257667)
                                  SHEILA L. SHADMAND (D.C. Bar No. 465842)
                                  JONES DAY
                                  51 Louisiana Ave., N.W.
                                  Washington, D.C. 20001
                                  202.879.3939

                                  MEREDITH FUCHS (D.C. Bar No. 450325)
                                  THE NATIONAL SECURITY ARCHIVE
                                  The Gelman Library
                                  2130 H Street, N.W., Suite 701
                                  Washington, D.C., 20037
                                  202.994.7059

*Attorneys for Plaintiff The National
Security Archive*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of November, 2007, a copy of the foregoing Plaintiff the National Security Archive's Reply in Support of it's Motion to Serve Expedited Discovery Requests and to Compel Rule 26(f) Conference was served electronically by the United States District Court for the District of Columbia Electronic Document Filing System (ECF) and that this document is available on the ECF system.

　　/s/ Sheila L. Shadmand　　　　
　　Sheila L. Shadmand

# EXHIBIT A

# CREW | citizens for responsibility and ethics in washington

November 13, 2007

**Via Facsimile and Email**

Helen H. Hong
U.S. Department of Justice
Civil Division
Room 6132
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Fax: (202) 616-8460

Re:  <u>CREW v. EOP, et al.</u>

Dear Ms. Hong:

Yesterday the Court in the above-referenced case entered an order that provides, in pertinent part:

> defendants shall preserve media, no matter how described, presently in their possess[ion] or under their custody and control, that were created with the intention of preserving data in the event of its inadvertent destruction. Defendants shall preserve the media under conditions that will permit their eventual use, if necessary, and shall not transfer said media out of their custody or control without leave of this court.

Order of November 12, 2007, p. 2.

In response to this order, White House spokesperson Scott Stanzel has been reported as saying "the Office of Administration has been taking steps to maintain and preserve backup tapes for the official e-mail system . . . We will continue preserving the tapes in compliance with the court's order."[1]

The Court's order explicitly imposes on all defendants the obligation to preserve all

---

[1] <u>See</u>, <u>e.g.</u>, Peter Baker, <u>White House Ordered to Keep E-Mails</u>, *The Washington Post*, November 13, 2007; Rebecca Carr, <u>White House Ordered to Keep E-Mails</u>, *Cox News Service*, November 13, 2007.

Helen H. Hong
Page Two
November 13, 2007

media created with the intent of preserving data in the event of its inadvertent destruction, and not simply "backup tapes" in the possession of the Office of Administration. This would include, for example, all data on the backup system that is part of the White House's EMC Storage Area Network, other portable memory storage devices and all other back-up copies under the possession, custody or control of any and all defendants. The statements of the White House suggest that defendants, by limiting their preservation obligations only to backup tapes in the possession of the Office of Administration, may not be complying with the express terms of the Court's order.

Accordingly, please provide me with immediate assurances that defendants are complying and will continue to comply fully with the Court's order, including an explanation of precisely what that entails. If I do not hear from you by close of business tomorrow we will be forced to seek relief from the Court.

Sincerely,

ANNE L. WEISMANN
Chief Counsel

cc: Meredith Fuchs
    Sheila L. Shadmand

# EXHIBIT B



**U.S. Department of Justice**
Civil Division

*First Class Mail*                  *Courier Delivery*
P.O. Box 883                        Room 6132
Washington, DC  20044              20 Massachusetts Avenue, NW,
                                    Washington, DC  20530

Helen H. Hong          *Telephone*          (202) 514-5838
Trial Attorney              *Fax*           (202) 616-8460
                          *Email*           Helen.Hong@usdoj.gov

November 14, 2007

**VIA FACSIMILE AND ELECTRONIC MAIL**

Anne Weismann
Chief Counsel
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Fax:  (202) 588-5020

     Re:    <u>CREW v. EOP, et al.</u>, November 13, 2007 Letter

Dear Ms. Weismann:

     I write in response to your letter of November 13, 2007, in order to assure you that defendants are complying and will continue to comply fully with the Court's November 12, 2007 Order ("Order").  Specifically, consistent with the Order, the Office of Administration is preserving, and will continue to preserve, media, no matter how described, presently in its possession or under its custody and control, that were created with the intention of preserving data in the event of its inadvertent destruction.  As we have previously represented to you, only the Office of Administration possesses, or has under its custody and control, any media that were created with the intention of preserving data from the official, unclassified Executive Office of the President email system in the event of its inadvertent destruction, and no other EOP component maintains such backup media for this system.  Accordingly, although <u>all</u> defendants commit to preserving such media if presently in their possession or under their custody and control, as a practical matter that obligation currently imposes preservation requirements only on the Office of Administration.  But to be clear, all defendants are complying, and will continue to comply, with the Court's Order.

     These obligations do not, of course, extend to any back-up system for the National Security Council's classified server.  The National Security Council is not a defendant in this action, nor is it subject to the Federal Records Act ("FRA"), and thus the Court's Order cannot be read to reach such information.  (Compl. ¶ 9 ("Defendant Executive Office of the President includes the agency known as the EOP as well as its individual agency components that are subject to the Federal Records Act.");  <u>Armstrong v. Executive Office of the President</u>, 90 F.3d 553, 567 (D.C. Cir. 1996).)  Moreover, we assume that you will agree that the Order does not require defendants National Archives and Records Administration or the Archivist of the United States (the "NARA Defendants") to preserve backup media in their possession, custody or

control. The NARA Defendants do not possess or have custody or control over any media relating to the current EOP email system. Any back up media in the possession or custody and control of the NARA Defendants are therefore not relevant to the allegations in the Complaint.

Finally, we believe you misread the Court's Order as extending beyond "media . . . that were created with the intention of preserving data in the event of its inadvertent destruction." You contend that the Order would apply to "other portable memory storage devices and all other back-up copies under the possession, custody or control of any and all defendants." The Order cannot be read to require preservation of "other portable memory storage devices and all other back-up copies" that were not "created with the intention of preserving data in the event of its inadvertent destruction." (Nov. 12, 2007 Or.) Indeed, you disavowed that you requested such relief in your motion at the hearing before Magistrate Judge Facciola and the Court confirmed, for example, that a potential DVD of saved emails "doesn't have the same function" as a "disaster backup tape." (Oct. 17, 2007 Hrg. Tr. at 10:2-11; see also id. (CREW counsel stating "If individuals within the White House create separately their own DVDs, we had not intended that to be encompassed ").) The disaster recovery tapes that are currently being preserved by the Office of Administration are, as an institutional matter, the only media that were created with the intention of preserving data from the official, unclassified Executive Office of the President email system in the event of its inadvertent destruction. All of the media that were created with the intention of preserving data in the event of its inadvertent destruction for this system are on magnetic tapes – the disaster recovery tapes – and not any other media, such as CDs or DVDs.

Please advise if you disagree so that we may seek clarification from the court, if necessary. If you have further questions or concerns, please contact me at the above e-mail address or phone number.

Sincerely,

Helen H. Hong

# EXHIBIT C

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number:  (202) 879-3736
slshadmand@jonesday.com

November 19, 2007

VIA FACSIMILE 202.616.8460 AND U.S. MAIL

Helen H. Hong
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box. 883
Washington, DC 20044

> Re:  *National Security Archive and Citizens for Responsibility and Ethics in
> Washington v. Executive Office of the President, et al.,* No. 1:07-cv-01707
> (D.D.C. HHK/JMF)

Dear Ms. Hong:

Your recent correspondence to Ms. Weismann dated November 14, 2007 and November 16, 2007 unfortunately still raise significant concerns about the defendants' compliance with Judge Kennedy's November 12, 2007 temporary restraining order ("Order") as well as the defendants' broader document preservation obligations.

### *Defendants' Representations Indicate Non-Compliance With the Court Order*

As an initial matter, your letters make several qualifying statements with respect to defendants' compliance that indicate defendants are unilaterally limiting the scope of the Court's Order and make clear that the defendants are neither complying with the terms nor the spirit of the Order.

First, you indicate in your November 14 letter that the Office of Administration (OA) is the only defendant that maintains "backup media" for the system you describe as the "official, unclassified Executive Office of the President email system," and that "as a practical matter [the Order's] obligation currently imposes preservation requirements only on the Office of Administration" and that narrowly-defined backup media.

The Order, however, applies to all "media, no matter how described, presently in [defendants] possess[ion] or under their custody or control, that were created with the intention of preserving data in the event of its inadvertent destruction." The Order does not limit the scope of the media that must be preserved to "backup media" or media relating only to an "official" and/or "unclassified" email system. Thus, your indication that the defendants are complying with the Order by preserving only OA's backup tapes from an official, unclassified system indicates that the defendants are not complying with the scope of the Order. The Order contemplates that to the extent forms of media exist other than backup tapes that were created

Helen H. Hong
November 19, 2007
Page 2

with the intention of preserving data in the event of its inadvertent destruction, that media shall likewise be covered by the Order. This would include media other than the disaster recovery backup tapes to which you referred at the Hearing before Magistrate Facciola. Had the Court intended to limit its Order to what you defined as disaster recovery tapes, the Order would have used that language. Instead, the order says any "media, no matter how described, . . . that were created with the intention of preserving data in the event of its inadvertent destruction."

Without any explanation of what systems are excluded from the "official, unclassified" EOP email system, how media from this system is created and maintained, or what other media exist from this or other systems, we can only conclude that the defendants are not adequately meeting their preservation obligation. Therefore, please describe what steps you have taken to identify forms of media from each of the components of the Executive Office of the President "that were created with the intention of preserving data in the event of its inadvertent destruction" and what steps you have taken to ensure that those forms of media at each of those EOP components are likewise being preserved as contemplated by the Order.

Second, your letter indicates that OA is the *only* defendant that possesses, or has in its custody or control "any media that were created with the intention of preserving data" and that the Order's obligations "do not, of course, extend to any back-up system for the National Security Council's classified server." Your letter also presumes that the Court's Order does not apply to the National Archives and Records Administration (NARA) because you contend that NARA does not have any media relating to the current EOP system. These representations are also troubling.

With respect to the National Security Council (NSC), we disagree with your unilateral exclusion of preservation obligations for any media within the NSC. Any media contemplated by the Order (again, not limited to backup systems of the NSC as your letter attempts to limit) within the National Security Council is in the "possession, custody or control" of the defendants, and is thus mandated to be preserved by the Order's terms. Furthermore, and as described below, the Order is premised on the understanding that to the extent the emails that are the subject matter of this lawsuit exist, they shall be preserved by defendants because their historical and public importance outweighs any burden on the government of preserving them. Oct. 19, 2007 Report and Recommendation, at 3. We believe it likely that the National Security Council has in its possession, custody or control some of the emails that are the subject matter of this litigation. Thus, to the extent copies of such emails exist in the NSC's possession, custody or control, we believe defendants are required to take steps pursuant to their obligations under not just the Order, but also under federal law, to preserve them.

With respect to NARA, it is a defendant in this action and is, according to the Order's plain terms, subject to the Court's mandate. It is our understanding that the loss of emails due to the dismantling of the previous email archiving system was communicated to at least one individual at NARA prior to the filing of our lawsuit. Accordingly, it is not self evident to the

Helen H. Hong
November 19, 2007
Page 3

Archive that NARA would not have possession, custody, or control of media that is the subject of the Court's Order.

Therefore, please describe what steps defendants have taken to identify media from either the National Security Council or NARA "that were created with the intention of preserving data in the event of its inadvertent destruction" and what steps you have taken to ensure that those forms of media at the National Security Council or NARA are likewise being preserved as mandated by the Order. Furthermore, please describe what inquiries you have made of all possible custodians, including legal, record management, and technical staff, from each of the defendants' staffs regarding possible media covered by the Order, as well as the substance of those inquiries.

### Defendants' Representations Indicate Non-Compliance With Broader Preservation Requirements

As the National Security Archive has attempted to make clear in both correspondence and court filings, our concerns about the preservation of email records by the defendants are broader than mere compliance with discovery obligations. The emails *are the subject* of this case, not merely discovery that could lead to admissible evidence. Accordingly, your clients' preservation obligation stems from compliance with the law, not simply with discovery obligations in the electronic discovery context. In light of facts of which the Archive is aware, the preservation regime outlined in your letter fails to accord a sufficient level of assurance that the records *that are the subject of this suit* will be preserved while the litigation proceeds.

The defendants' preservation obligation in this case is not limited by the contours of the Court's Order. It is your independent obligation as an officer of the court and as counsel to the Executive Office of the President (EOP), the Office of Administration (OA), National Archives and Records Administration (NARA), and the other defendants, to review their systems and ensure they are meeting their preservation obligations with regard to the records that are the subject of this suit, wherever those may reside, including on the defendants' live operating systems or stored media of any form. By limiting the defendants' ongoing preservation obligations to only the Court's Order as your letter indicates the defendants are doing — or, as described above, to only a subset of the records captured by the Court's Order — you are openly acknowledging that defendants are not making an effort to protect the *res* in this case: the email records that exist anywhere on either the live operating system or on any stored media at any of the EOP components. It is not reasonable or acceptable for the defendants to ignore the easiest source for preserving at least some of the records at issue.

Therefore, please describe what steps defendants have taken to ensure that federal email records that exist anywhere on either the live operating system or on any stored media at any of the EOP components are being preserved and maintained. For example, a litigation hold letter to system users or technical steps to ensure the retention of emails on live operating systems are

JONES DAY

Helen H. Hong
November 19, 2007
Page 4

basic steps any defendant in litigation concerning electronically stored information should take. Please describe whether or not defendants have taken such steps and what steps defendants have taken in this specific regard.

As you know, we have sought your agreement to promptly schedule a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Although you never responded to this request, you have opposed our motion for expedited commencement of discovery and for the Court to order a Rule 26(f) conference. Some of the issues raised in this letter could be resolved at such a conference by candid discussion. As you presumably understand, we are not asking for all of the email to be released at this time. We are seeking their preservation and restoration as the law required of the EOP in the first instance. The Archive continues to be open to scheduling such a meeting for discussion of these issues. We are available throughout the next two weeks, with the exception of the Thanksgiving Holidays on November 22-23, 2007.

Please let us know by the end of the day on Tuesday, November 19, the answers to the questions we have raised in this letter, or whether we can immediately schedule a Rule 26(f) meeting to resolve these questions. If you believe, as your letter suggests, that your clients' preservation obligations extend only to the OA's backup tapes of official, unclassified EOP email, and are not as broad in scope as the plain terms of the Court's Order, or if you believe the defendants' obligations run only as far as the four corners of the Order as you have defined them, then it will be necessary for us to immediately return to court to clarify your clients' preservation obligations under the Order, the common law and the Federal Rules

Sincerely,

Sheila L. Shadmand

cc    Anne Weissman, Esq.

# EXHIBIT D



**U.S. Department of Justice**
Civil Division

*First Class Mail*              *Courier Delivery*
P.O. Box 883                   Room 6132
Washington, DC 20044           20 Massachusetts Avenue, NW,
                               Washington, DC 20530

Helen H. Hong          *Telephone*   (202) 514-5838
Trial Attorney              *Fax*    (202) 616-8460
                          *Email*    Helen.Hong@usdoj.gov

November 20, 2007

**VIA FACSIMILE AND ELECTRONIC MAIL**

Anne Weismann
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Fax: (202) 588-5020

Sheila Shadmand
Jones Day
51 Louisiana Ave., NW
Washington, D.C. 20001
Fax: (202) 626-1700

     Re:    <u>CREW v. EOP, et al.</u>, <u>NSA v. EOP, et al.</u>, November 19, 2007 Letter

Dear Ms. Shadmand and Ms. Weismann:

     In response to your letter of November 19, 2007, I refer you to my letters of October 2, October 3, October 8, November 14 and November 16, 2007, as well as the numerous filings in the above-referenced matters. Specifically, as I wrote on November 14, 2007 to Ms. Weismann, all defendants are complying, and will continue to comply fully, with the Court's Order. Each defendant is preserving, and will continue to preserve, any media, no matter how described, that is presently in its possession or under its custody or control, that was created with the intention of preserving data from the official, unclassified Executive Office of the President email system in the event of its inadvertent destruction.

     As for any other preservation obligations that go to the "res" in this case as you describe in your November 19 letter, defendants have assured you on numerous and repeated occasions that they are aware of the pendency of the above-referenced matters and their attendant obligations under the Federal Rules and prevailing law. Defendants have to the present, and will continue to comply with such obligations.

A. Weismann
S. Shadmand
November 20 2007

     I will be out of the office for the holiday on Wednesday, November 21 through Sunday, November 25 and will return on Monday, November 26. If you have further questions or concerns, please contact me at the above email address or phone number after I return.

Sincerely,

Helen H. Hong

# EXHIBIT E

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number:  (202) 879-3736
slshadmand@jonesday.com

October 18, 2007

<u>VIA FACSIMILE 202.616.8460 AND U.S. MAIL</u>

Helen H. Hong
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box. 883
Washington, DC 20044

Re:    Rule 26(f) Conference in *National Security Archive v.*
*Executive Office of the President*, No. 1:07-cv-01577
(D.D.C. filed Sept. 5, 2007)

Dear Ms. Hong:

As you are aware, Federal Rule of Civil Procedure 26(f) requires us to confer to develop
a proposed discovery plan.  By Monday, October 22, please let us know your availability to hold
this conference, as Rule 26(f) requires this conference to take place "as soon as practicable."  We
are available to meet next week (October 22-26) either in person or by teleconference.  Given
that a related case is also pending, *Citizens for Responsibility and Ethics in Washington v.*
*Executive Office of the President*, No. 1:07-cv-01707 (D.D.C. filed Sept. 25, 2007), it would be
efficient to include in our conference counsel in that case.

Please be aware that if you are unable to hold this discovery conference with us in the
near future, we will seek leave from the court to conduct expedited discovery.  Thank you for
your attention to this matter.

Sincerely,

Sheila L. Shadmand

cc    Anne Weissman, Esq.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

# EXHIBIT F



**"Hong, Helen (CIV)"**
**<Helen.Hong@usdoj.gov>**

10/22/2007 02:35 PM

To  "Meredith Fuchs" <mfuchs@gwu.edu>

cc  "Sheila L. Shadmand" <slshadmand@JonesDay.com>

bcc

Subject  RE: Civil Action 07-1577 Motion to Consolidate

Dear Ms. Fuchs:

We do not oppose the motion to consolidate.  In addition, I have
received your letter regarding a Rule 26(f) conference and will be
considering your requests this week.

Please let me know if you have any questions or concerns.

Sincerely,

Helen Hong

-----Original Message-----
From: Meredith Fuchs [mailto:mfuchs@gwu.edu]
Sent: Monday, October 22, 2007 2:31 PM
To: Hong, Helen (CIV)
Cc: 'Sheila L. Shadmand'
Subject: Civil Action 07-1577 Motion to Consolidate

Ms. Hong,

Attached is the motion to consolidate that the National Security Archive
filed today.  I also am sending a hard copy by first class United States
mail.

Sincerely,

Meredith Fuchs, General Counsel
National Security Archive
George Washington University
Gelman Library Suite 701
2130 H Street, NW
Washington, DC   20037

Tel: 202-994-7000
Fax: 202-994-7005
E-mail: mfuchs@gwu.edu
Visit our website at: www.NSArchive.org