**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE ) PRESIDENT, et al., ) ) Defendants. ) | Civil No. 07-01707 (HHK)(JF) |
| NATIONAL SECURITY ARCHIVE, ) ) Plaintiff, ) ) v. ) ) EXECUTIVE OFFICE OF THE ) PRESIDENT, et al., ) ) Defendants. ) | Civil No. 07-01577 (HHK)(JF) |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINTS BY NOVEMBER 29, 2007**

For the second time in these consolidated cases defendants have requested a last-minute extension of time to respond to a complaint, here the complaint filed by CREW.[1] The requested extension is based on the purported misunderstanding of defendants' counsel that CREW had effectuated service by certified mail, thereby entitling defendants to an additional three days in which to answer the complaint. The basis for defendants' latest extension motion is incorrect as

---

[1] CREW is the acronym for plaintiff Citizens for Responsibility and Ethics in Washington.

a matter of fact and law.

First, notwithstanding any "understanding" defendants' counsel claims to have, CREW's complaint (like that of the National Security Archive ("the Archive")) was, in fact, served by hand on the U.S. Attorney for the District of Columbia pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  See Return of Service/Affidavit of Summons and Complaint Executed as to the US Attorney (Document 23).[2]  This information was clearly available to defendants and their counsel and defendants' motion does not suggest otherwise or explain what formed the basis for their counsel's alleged misunderstanding.

Indeed, in their first motion for an extension of time to respond to the complaint of the Archive filed on November 5, 2007, defendants stated without equivocation that CREW "served the United States Attorney for the District of Columbia on September 27, 2007."  Defendants' Motion for an Enlargement of Time to Respond to Plaintiff's Complaint by November 29, 2007 (Document 7 in The National Security Archive v. EOP, et al.).  Defendants were equally clear that the Archive had served the United States Attorney for the District of Columbia with its complaint on September 6, 2007.  Id.   Neither of these statements can be reconciled with the newly minted assertion of defendants' counsel that she was acting on the assumption that service of both complaints was made by mail.  Moreover, defendants' claimed understanding of how CREW effectuated service here is particularly puzzling given that CREW has never served the U.S. Attorney by certified mail in the multitude of cases it has filed since its inception and the defendants in virtually all of those cases are represented by some of the same counsel

---

[2] Unless indicated otherwise, references are to the document numbers in CREW v. EOP, et al.

representing the defendants here.

Second, even if the complaints had been served by certified mail, that would not have extended defendants' time to answer. Defendants cite Fed. R. Civ. P. 6(e) as authority for extending by three days their time to answer a complaint served by certified mail. Rule 6(e), however, adds three days to the prescribed period for acting only where service is "made under Rule 5(b)(2)(B), (C), or (D) . . ." Rule 5(a) makes clear that Rule 5 applies to "every pleading *subsequent to the original complaint* " Fed. R. Civ. P. 5(a) (emphasis added). Here, both CREW and the Archive effectuated service of their complaints pursuant to Rule 4 and defendants' time to respond is therefore governed exclusively by Rule 12. Accordingly, under no set of circumstances would Rule 6(e) have authorized defendants to file their answer to CREW's complaint on November 29, 2007.[3]

Third, defendants have not acted diligently in seeking this extension of time. In response to defendants' previous request for an extension of more than three weeks to respond to the complaint of the Archive, counsel for the Archive advised defendants that their answer was due on November 6, 2007. See Email from Meredith Fuchs to Helen Hong, November 5, 2007 (attached as Exhibit 1). This due-date was based on hand delivery of the Archive's complaint on the U.S. Attorney for the District of Columbia pursuant to Rule 4. See Return of Service/Affidavit of Summons and Complaint Executed as to the US Attorney (Document 30). In moving for an extension of time, however, defendants' counsel falsely represented that

---

[3] Although Nwachukwu v. Rooney, 362 F.Supp.2d 183 (D.D.C. 2005) cited by defendants appears to suggest otherwise, that case involved service of the complaint by mail and the court did not even address service under Rule 4 and the express exclusion in Rule 5 for complaints.

defendant's answer was due on November 8, 2007.  See Defendants' Motion for an Enlargement of Time to Respond to Plaintiff's Complaint by November 29, 2007 (Document 7).  Thereafter, in the reply brief that the Archive filed on November 21, 2007 in support of its motion for discovery, the Archive pointed out that defendants had miscalculated both the due-date for their answer to the Archive's complaint and their answer to CREW's complaint, which is, in fact, due on November 26, 2007.  See Plaintiff National Security Archive's Reply in Support of its Motion for Leave to Serve Expedited Discovery Requests and to Compel Rule 26(f) Conference (Document 20) at 4 n.1.  Nevertheless, defendants did nothing until today.

Finally, defendants' counsel requests more time to file a consolidated responsive pleading to both complaints.  CREW's complaint, however, is virtually identical to the Archive's complaint and raises no new or additional issues that would justify additional time.

At bottom, defendants' latest motion for an enlargement of time is yet another delaying tactic intended to hinder plaintiffs' efforts to learn the truth behind the millions of missing emails and the defendants' failure to take any steps to prevent further deletions of email and to properly preserve the records of this administration.  Months have passed since the Archive filed its complaint, yet defendants have yet to respond to a single legal or factual allegation.  Instead, they have sought multiple extensions and argued that other proceedings in the case -- plaintiffs' motions for discovery and a Rule 26(f) conference -- should be placed on hold until defendants respond to the complaint.  The further delay sought by defendants' latest motion for a time extension to respond to CREW's nearly identical complaint is unwarranted, unwise and unjustified.

## CONCLUSION

For the foregoing reasons, defendants' request for an extension to respond to CREW's complaint should be denied and defendants should be ordered to respond to both complaints immediately.

Respectfully submitted,

  /s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20530
Telephone:  202-408-5565
Fax:  202-508-506

Attorneys for Plaintiff CREW

 /s/ Sheila L. Shadmand
JOHN B. WILLIAMS (D.C. Bar No. 257667)
SHEILA L. SHADMAND (D.C. Bar No. 465842)
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C.  20001
202.879.3939

MEREDITH FUCHS (D.C. Bar No. 450325)
The NATIONAL SECURITY ARCHIVE
The Gelman Library
2130 H Street, N.W., Suite 701
Washington, D.C.  20037
202.994.7059

Dated:  November 26, 2007  Attorneys for Plaintiff The National Security Archive

# EXHIBIT 1

## Anne Weismann

| | |
|---|---|
| **From:** | Meredith Fuchs [mfuchs@gwu.edu] |
| **Sent:** | Monday, November 05, 2007 11:10 AM |
| **To:** | helen.hong@usdoj.gov |
| **Cc:** | 'Sheila L. Shadmand' |
| **Subject:** | NATIONAL SECURITY ARCHIVE v. EXECUTIVE OFFICE OF THE PRESIDENT (1:07-cv-01577-HHK) |

Ms Hong:

I received your voice message from this morning requesting our consent to an extension until November 29, 2007 for the Defendants' to respond to the National Security Archive's complaint in the above referenced suit. As you know, the Defendants' response to the Archive's complaint is due tomorrow. We cannot consent to an extension of more than three weeks for a responsive pleading to our complaint.

Meredith Fuchs, General Counsel
National Security Archive
George Washington University
Gelman Library Suite 701
2130 H Street, NW
Washington, DC  20037

Tel: 202-994-7000
Fax: 202-994-7005
E-mail: mfuchs@gwu.edu
Visit our website at: www.NSArchive.org

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____<br>CITIZENS FOR RESPONSIBILITY AND )<br>ETHICS IN WASHINGTON, )<br>   )<br>            Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>EXECUTIVE OFFICE OF THE   )<br>PRESIDENT, et al.,   )<br>   )<br>            Defendants.   )<br>_____)<br>NATIONAL SECURITY ARCHIVE,   )<br>   )<br>            Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>EXECUTIVE OFFICE OF THE   )<br>PRESIDENT, et al.,   )<br>   )<br>            Defendants.   )<br>_____) | Civil No. 07-01707 (HHK)(JF)<br><br><br><br><br><br><br><br><br><br>Civil No. 07-01577 (HHK)(JF) |

**[PROPOSED] ORDER**

The Court having considered defendants' motion for an enlargement of time to respond to plaintiffs' complaints, plaintiffs' opposition thereto and the entire record it is hereby ORDERED that defendants' motion is DENIED and defendants are directed to file their responses to the plaintiffs' complaints by close of business today.


Dated: _____          _____
                                                            HENRY H. KENNEDY, JR.
                                                            United States District Judge