**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br><br>    Plaintiff,<br>    v.<br><br>**EXECUTIVE OFFICE OF THE PRESIDENT, et al.,**<br><br>    Defendants.<br><br>**NATIONAL SECURITY ARCHIVE,**<br><br>    Plaintiff,<br>    v.<br><br>**EXECUTIVE OFFICE OF THE PRESIDENT, et al.,**<br><br>    Defendants. | Civil Action Nos. 07-1707; 07-1577<br><br>(HHK/JMF) |

**MEMORANDUM OPINION**

The history of this case is set forth in prior opinions by me and by Judge Kennedy.[1]

---

[1] See Citizens for Responsibility and Ethics in Washington v. Exec. Office of the President, CA Nos. 07-1701, 07-1577, 2008 WL 2932173 (D.D.C. July 29, 2008), Report and Recommendation, Oct. 19, 2007 [#11] (recommending that defendants be ordered to preserve existing back-up tapes); Order, Nov. 12, 2007 [#18] (ordering defendants to preserve existing back-up tapes); Memorandum Order, Jan. 8, 2008 [#46] (seeking additional information about the back-up tapes being preserved); Memorandum Order, Mar. 13, 2008 [#62] (seeking additional information about forensic imaging); Memorandum Order and First Report and Recommendation, Apr. 24, 2008 [#67] ("First Rep." or "First Report") (seeking additional information about back-up tapes and the universe of relevant employees and hard drives,

The issues that have now arisen are now confronted in true emergency conditions. As this is being written, there are two business days[2] before the new President takes office and this case deals with the records created by the administration that is leaving office. To further complicate the matter, the records at issue are not paper records that can be stored but electronically stored information that can be deleted with a keystroke. Additionally, I have no way of knowing what happens to computers and to hard drives in them when one administration replaces another.

In April, 2008, I recommended to Judge Kennedy that he issue an order that the Executive Office of the President "search the workstations, and any .PST files located therein, of any individuals who were employed between March 2003 and October 2005, and to collect and preserve all e-mails sent or received between March 2003 and October 2005;" and to (2) "issue a preservation notice to its employees directing them to surrender any media in their possession – irrespective of the intent with which it was created – that may contain e-mails sent or received between March 2003 and October 2005, and for EOP to collect and preserve all such media." First Report and Recommendation [#67] at 4-7.

The defendants sought review of my recommendation but Judge Kennedy has now accepted it and issued an order consistent with it. Order of January 14, 2009 [#102].

It now appears from representations made to me during a hearing held on January 14, 2009 that the defendants construe that recommendation to impose the obligations it specified

---

recommending that defendants be ordered to collect and preserve data from workstations and portable media, and recommending that the Archive's request to take depositions be denied).

[2]The federal government, to include this Court, is closed on Monday, the Martin Luther King birthday and Tuesday is Inauguration Day.

only upon those divisions whose records are subject to the Federal Records Act ("FRA")[3] and not to those subject to the Presidential Records Act ("PRA").[4] As a result, they have not and will not fulfill the obligations now imposed by Judge Kennedy's order as to the latter.

According to the defendants, the sharp distinction between the PRA and FRA exists in practice rendering it impossible that an e-mail created in a PRA division was transmitted to an FRA division. There is at this point, however, no factual record whatsoever upon which I could predicate the conclusion that it is impossible for there to have been such a transmittal. Moreover, I have been advised that the backup tapes being restored contain e-mails from both PRA and FRA divisions.

In this case, I have attempted to balance cost and burden against benefit. See First Report and Recommendation at 2-4. I have always begun with the premise that, as just indicated, the e-mails that are said to be missing are the very heart of this lawsuit and there is a profound societal interest in their preservation. They are, after all, the most fundamental and useful contemporary records of the recent history of the President's office. If Napoleon was right when he said that he did not care who wrote France's laws if he could write its history, then the importance of preserving the e-mails cannot be exaggerated.

On the other hand, I appreciate the costs involved, particularly now that this may all have to be done under emergency conditions. But, as I pointed out at the recent hearing, my recommendation was issued in April 2008 and at no point thereafter did the defendants ask me to

---

[3] 44 U.S.C. §§ 2101 et seq., 2501 et seq., 2701 et seq., 2901 et seq. and 3101 et seq. All references to the United States Code are to the electronic versions in Westlaw and Lexis.

[4] 44 U.S.C. § 2201.

clarify its meaning. Their only briefing of the issue was to assert in a footnote that plaintiffs had rightfully limited their claims to the Executive Office of the President and that this Court lacked jurisdiction over any claim based upon non-compliance with the PRA.  <u>EOP Defendants' Reply in Support of Request for Reconsideration by the Magistrate Judge of His First Report and Recommendation</u> [#76] at 17, n.15.  While that raises a point about jurisdiction, defendants never specifically argued to me or to Judge Kennedy that I could not make PRA agencies subject to my order. I can assure the defendants I fully intended my recommended order to pertain to the entire White House; the defendants never argued that I could not.

      Moreover, at this point I am between a rock and a hard place. If, despite the defendants' representations, e-mails were transmitted from PRA to FRA agencies and back but I preclude a search for them in the PRA agencies, I will be honoring a representation without having any opportunity to test its correctness. I may therefore fail miserably to preserve the res of this lawsuit based on an untested assertion.

      If, on the other hand, I do not honor the representation and order all computers to be searched, I am at least doing all I can to preserve the res in the only way possible. The importance of doing so easily trumps the costs involved.

      Therefore, defendants must appreciate that the Order I am issuing requires them to search for e-mails in the specified period in both PRA and FRA agencies.

      An Order accompanies this Memorandum Opinion.


Dated: January 15, 2009                              /S/
                                                  JOHN M. FACCIOLA
                                                  UNITED STATES MAGISTRATE JUDGE